# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWANCO MELVIN LOGAN, | : |
| Petitioner, | : |
| | :     NO. 3:19-CV-0648 |
| v. | : |
| | :     (Judge Sylvia H. Rambo) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : |
| Respondent. | : |

# M E M O R A N D U M

Swanco Melvin Logan, a citizen of Liberia, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his final order of removal.[1] (Doc. 1.) Because this Court does not have jurisdiction over his claim it will be dismissed for lack of subject matter jurisdiction.

## I. Introduction

An Immigration Judge in York, Pennsylvania ordered Mr. Logan removed on October 18, 2018. Mr. Logan filed an appeal with the Bureau of Immigration

---

[1] An inquiry to Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the York County Prison in York, Pennsylvania, where Mr. Logan was last housed, revealed that Mr. Logan was removed from the United States on August 13, 2019.

Appeals (BIA). The BIA dismissed his appeal on March 18, 2019. (Doc. 5 at 4.) Mr. Logan claims the BIA's decision denying his appeal is in error as it "failed to consider the evidence in the record establishing that Mr. Swanco Melvin Logan and his family have been persecuted in the past as an opponent of the Liberian government; and his life would be in immediate danger if deported to his home country of Liberia." (Doc. 1.)

**II.    Discussion**

The Supreme Court has held that § 2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings. *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). However, on May 11, 2005, Congress enacted the REAL ID Act which divested the district courts of subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. *See* 8 U.S.C. § 1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *Id.* Thus, the REAL ID Act expressly eliminated district-courts' jurisdiction over habeas corpus petitions such as Mr. Logan's that challenge orders of removal. *See Kolkevich v.*

2

*Att'y Gen. of the United States*, 501 F.3d 323, 326 (3d Cir. 2007); 8 U.S.C. § 1252(a)(5).

### III.    Conclusion

For the foregoing reasons, the Court will dismiss Mr. Logan's petition for a writ of habeas corpus for lack of jurisdiction.  Moreover, due to Mr. Logan's removal, the Court will not transfer the petition to the United States Court of Appeals for the Third Circuit.

An appropriate order will follow.

s/Sylvia H. Rambo  
Sylvia H. Rambo  
United States District Judge

Dated: December 30, 2019